**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:24-cv-21515-CMA**

BRAD THOMPSON,

   Plaintiff,

v.

CARNIVAL CORPORATION

   Defendant.

_____/

**DEFENDANT CARNIVAL CORPORATION'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S COMPLAINT DATED APRIL 22, 2024 [DE 1]**

Defendant, CARNIVAL CORPORATION, by and through its undersigned counsel,

hereby provides this Answer and Affirmative Defenses to Plaintiff's Complaint dated April 22,

2024 and states as follows:*

1.  Defendant is without sufficient knowledge or information needed in order to

admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.  Admitted for jurisdictional purposes in this case only.

3.  It is admitted that this court maintains admiralty jurisdiction over this matter.

4.  Admitted.

5.  It is admitted that this Court maintains personal jurisdiction over this Defendant in

this matter.

6.  It is admitted that this Defendant owns the *Elation*.

7.  Admitted.

8.  It is admitted that this Defendant owns the medical center aboard the *Elation*.

9.      Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     It is admitted that Defendant hired shipboard nurses and doctors to provide medical care to passengers in the medical center of the *Elation*.

12.     Denied.

13.      It is admitted that Defendant had the right to fire members of the medical staff aboard the *Elation*.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Admitted.

19.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Denied.

30.     Denied.

31.     Denied, including all subparts.

32.     Denied.

### COUNT I – GENERAL NEGLIGENCE AGAINST CARNIVAL

33.     It is admitted that Defendant has a duty to act reasonably under the circumstances.

34.     Denied, including all subparts.

35.     Denied.

36.     Denied.

37.     Denied.

## COUNT II- NEGLIGENT FAILURE TO WARN AGAINST CARNIVAL

38. It is admitted that Defendant has a duty to act reasonably under the circumstances.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## COUNT III- NEGLIGENCE AGAINST CARNIVAL FOR THE NEGLIGENT CONDUCT OF THE MEDICAL PERSONNEL BASED ON A THEORY OF VICARIOUS LIABILITY UNDER RESPONDEAT SUPERIOR

44. The allegations contained in Paragraph 44 of the Plaintiff's Complaint do not require a response from this Defendant.

45. Denied.

46. Denied.

47. Denied, including all subparts.

48. Denied, including all subparts.

49. It is admitted that Defendant has a duty to act reasonably under the circumstances.

50. It is admitted that Defendant has a duty to act reasonably under the circumstances.

51. Denied, including all subparts.

52. Denied.

53. Denied.

**COUNT IV-NEGLIGENCE AGAINST CARNIVAL FOR THE ACTS OF THE MEDICAL PERSONNEL BASED ON A THEORY OF VICARIOUS LIABILTY UNDER APPARENT AGENCY**

54.     The allegations contained in Paragraph 54 of the Plaintiff's Complaint do not require a response from this Defendant.

55.     Denied, including all subparts.

56.     Denied.

57.     Denied.

58.     It is admitted that the medical center aboard the *Elation* met or exceeded the guidelines set forth by the American College of Emergency Physicians.

59.     Denied.

60.     It is admitted that Defendant has a duty to act reasonably under the circumstances.

61.     Denied, including all subparts.

62.     Denied.

63.     Denied.

**COUNT V-NEGLIGENCE AGAINST CARNIVAL FOR THE CONDUCT OF MEDICAL PERSONNEL BASED ON A THEORY OF VICARIOUS LIABILITY UNDER JOINT VENTURE**

64.     The allegations contained in Paragraph 64 of the Plaintiff's Complaint do not require a response from this Defendant.

65.     Denied.

66.     Denied, including all subparts.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied, including all subparts.

71.     Denied.

72.     Denied.

### COUNT VI- NEGLIGENT MEDICAL STAFFING, PROVISIONING AND/OR EQUIPPING OF MEDICAL FACILITY AGAINST CARNIVAL

73.     It is admitted that Defendant has a duty to act reasonably under the circumstances.

74.     Denied, including all subparts.

75.     Denied.

76.     Denied.

\* Any allegations not specifically admitted to herein are hereby denied.

### AFFIRMATIVE DEFENSES

In Answering further, Defendant would also affirmatively state as follows:

A.      Carnival Corporation's Ticket Contract imposed binding conditions and limitations on Plaintiff.  Those conditions and limitations negate his theory of the case, as they include the following:

1.      DEFINITIONS AND SCOPE OF CONTRACT

(e)     This ticket is valid only for the person(s) named hereon as Guests and cannot be transferred or modified without Carnival's written consent.  The acceptance or use of this ticket by the person(s) named hereon as Guests shall be deemed acceptance and agreement by each of them to all the terms and conditions of the cruise Contract.

(g)     Except as otherwise expressly provided herein, the contract constitutes the entire agreement between Carnival and Guest and supersedes all other agreements, written or oral.  Any alteration to any term of this contract must be in writing and authorized by Carnival.

2.      NATURE OF CRUISE, TRAVEL DOCUMENTATION AND GUEST'S OBLIGATIONS

(a)      …. While at sea or in port the availability of medical care may be limited or delayed. Guest acknowledges that all or part of their voyage may be in areas where medical care and evacuation may not be available.

Paragraph 2(a) entails an acknowledgement by the Guest that during the cruise the availability of medical care may be limited or delayed – and a specific acknowledgement that "all or part of their voyage may be in areas where medical care and evacuation may not be available."  Plaintiff acknowledged that "the contract constitutes the entire agreement between Carnival and Guest and supersedes all other agreements, written or oral."  Plaintiff's allegations that he was promised certain medical facilities or transport are not sustainable in light of the language of section 2 (a) of the Ticket Contract.

B.      The Ticket Contract also contains a warranty by the Guest as to the state of his health:

5.      FITNESS TO TRAVEL, SPECIAL NEEDS, PREGNANCY, INFANTS AND DISEMBARKATION

(a)      The Guest warrants that he and those traveling with him are physically and emotionally fit to travel at the time of embarkation, and further warrants that such Guests have no medical or emotional condition that would endanger any Guest or crewmembers or result in a deviation of the voyage.

Plaintiff's affirmation, that he was physically fit to travel and had no medical conditions which could result in a deviation of the voyage, was false.  He was not physically fit for this vacation and it was reasonably foreseeable to him that he could have a major medical episode that could affect the crew or the route.

C.      Plaintiff's own lack of care caused the damages complained of in that he knew he was at risk for a major medical episode and he did not act in a reasonable or prudent fashion in going on the cruise.  Any fault attributable to him must be applied to negate or reduce his claimed damages.

D.      Defendant fully discharged its duty to act reasonably under the circumstances in that it adhered to the guidelines for onboard medical facilities recommended by the American College of Emergency Physicians.  Furthermore, Plaintiff was provided access to a licensed physician aboard the vessel who rendered reasonable and appropriate medical care.

E.      Plaintiff's damages were caused or exacerbated as a result of intervening and superseding factors that are independent of any fault of Defendant and which were not reasonably foreseeable to it.

F.      Plaintiff did not exercise ordinary care, caution, or prudence for his own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

G.      Plaintiff has a duty to mitigate the losses or damages claimed against Defendant by taking advantage of any reasonable opportunity that might exist under the circumstances to reduce or minimize the loss or damage, and failed to do so.

H.      Plaintiff's claims are governed by maritime law and any recovery is limited to same.

I.      This Defendant is entitled to a set-off for all sums paid or payable by collateral sources.

J.      Plaintiff was himself negligent and therefore Plaintiff is either barred from recovery or the damages in this case must be apportioned and reduced in proportion to the share of negligence attributable to the Plaintiff.

K.      Plaintiff failed to seek timely medical treatment for his condition which caused and/or exacerbated his damages and/or failed to follow up, participate in, or attend subsequent medical care and treatment which has delayed/negatively affected his recovery.

L.      This action is barred in whole or in part by the applicable statute of limitations.

M.      Defendant has not specifically or intentionally waived any affirmative defenses and specifically reserves the right to allege additional affirmative defenses as they may present themselves in response to information that becomes available through discovery in the future.

N.      The subject physician(s) was/were operating as an independent contractor(s) at all times material hereto.    Pursuant to an agreement with Carnival corporation, the subject ship doctor(s) was/were A) paid as an independent contractor and not as an employee; B) no deductions were taken from his/her pay and he/she was not eligible for employee benefits; C) he/she agreed to practice according to the appropriate standard of care, within the scope of his/her medical expertise based upon his/her knowledge, training and experience as a licensed physician; and D) he/she exercised medical judgment in the care and treatment of passengers and crew.  With respect to the care rendered to Plaintiff, the ship's nurses were at all times acting under the control of the subject ship physician(s) and were thus his/her borrowed servants.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/Michael Drahos*
        Michael J. Drahos
        Florida Bar No. 0617059
        *michael.drahos@gray-robinson.com*

W. Cooper Jarnagin
Florida Bar No. 117767
*cooper.jarnagin@gray-robinson.com*
Ashley Genoese
Florida Bar No. 1019357
*ashley.genoese@gray-robinson.com*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16th, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.



*/s/Michael Drahos*

## SERVICE LIST

Karen Grossman, Esq.
Lipcon, Margulies & Winkleman, P.A.
2800 Ponce de Leon Blvd., Suite 1480
Coral Gables, FL 33134
Tel: (305) 373-3016
Fax: (305) 373-6204
kgrossman@lipcon.com